IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MARK ENGLISH, ) | |
| ) | |
|    Petitioner, ) | Civil Action No. 7:19-cv-00571 |
| ) | |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| HOWARD W. CLARKE, DIRECTOR, ) |     United States District Judge |
| VIRGINIA DEPARTMENT OF ) | |
| CORRECTIONS, ) | |
| ) | |
|    Respondent. ) | |

**MEMORANDUM OPINION**

In state court, petitioner Mark English was convicted of two counts of distribution of cocaine, two counts of assault and battery on a law enforcement officer, and one count of obstruction of justice. English was sentenced to twenty-five years of imprisonment.

Before the court is English's petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254. The respondent moves to dismiss on various grounds, including that English's petition is untimely. (Dkt. No. 12.) For the reasons stated below, English's petition will be dismissed as time-barred.

I.  BACKGROUND

Final judgment in English's criminal case was entered on June 1, 2016. (Resp't's Ex. 1, Dkt. No. 14-1.)[1] English did not file a direct appeal. On May 25, 2017, English filed a petition for a writ of habeas corpus in the Supreme Court of Virginia. (Resp't's Ex. 2, Dkt. No. 14-2.) English argued that trial counsel failed to attack the jurisdiction of the trial court, failed to challenge the indictment as defective, and failed to adequately prepare for trial. The Supreme Court of Virginia

---

[1] At English's trial, the evidence established that he sold crack cocaine to a confidential informant on two occasions approximately a year apart. (Trial Tr. 86–92, 95, 155, 168–69, Resp't's Ex. 4, Dkt. No. 14-4.) English was combative and violent with the officers who arrested him. (*Id.* at 101.)

dismissed the petition on July 6, 2018.  (Resp't's Ex. 3, Dkt. No. 14-3.)  The court held that English failed to meet his burden under *Strickland v. Washington*, 466 U.S. 668 (1984).  (*See id.*)

## II.  ANALYSIS

### A.  AEDPA's One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment.  28 U.S.C. § 2244(d)(1).  The petition must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*  The limitation period is tolled during the pendency of a properly filed state post-conviction action.  28 U.S.C. § 2244(d)(2).

### B.  Timeliness of English's Petition

Respondent argues, and the court agrees, that the timeliness of English's petition is governed by § 2244(d)(1)(A).  Thus, in order to be timely, English's petition must have been filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  *Id.*  As noted, final judgment in English's case was entered on June 1, 2016, and English did not file an appeal.  The limitations period therefore began to run thirty days later, on July 1, 2016, when the expiration of the time for seeking review expired

2

under Virginia law. *See* Va. Sup. Ct. R. 5A:6 (notice of appeal must be filed within thirty days after entry of final order). English filed his state habeas petition 328 days later on May 25, 2017. The state petition was pending for 408 days until the Supreme Court of Virginia dismissed it on July 6, 2018. That time is excluded pursuant to the tolling provision in § 2244(d)(2). However, English did not file his § 2254 petition in federal court until July 9, 2019, more than a year after his state court habeas petition was dismissed. (Habeas Pet. 16, Dkt. No. 1.) In total, 1,134 days elapsed between the day English's conviction became final and the day he filed this petition. Even excluding the 408 days that his state habeas action was pending, English's petition is clearly untimely.

English argues that his § 2254 petition is timely because finality in state court did not occur until October 6, 2018. English arrives at this date by adding 90 days, the time allowed to seek certiorari in the United States Supreme Court, to July 6, 2018, the date the Supreme Court of Virginia dismissed his state habeas petition. (Pet'r's Br. 2, Dkt. No. 2.) English's state habeas action was a collateral attack, not an avenue for "direct review" for purposes of § 2244(d)(1)(A). Instead, finality is determined by reference to direct appellate review in state court. In this instance, because English did not pursue a direct appeal, his conviction became final after the expiration of the time allowed under state law to file such an appeal. *See Miller v. Hooks*, 749 F. App'x 154, 160 (4th Cir. 2018) ("If a petitioner appeals all the way to the U.S. Supreme Court, the direct appeal concludes upon the denial of the writ for certiorari. On the other hand, if a petitioner does not exhaust his vertical appeals, direct review concludes upon the expiration of the time for pursuing further appeal in state court or the Supreme Court.") (discussing *Gonzalez v. Thaler*, 565 U.S. 134 (2012)). As noted above, the pendency of English's state habeas action tolls the limitations period, but it does not push back the commencement of the limitations period.

Finally, the court notes that one of English's claims is that his conviction resulted in a fundamental miscarriage of justice.[2] The so-called "fundamental miscarriage of justice" exception permits federal courts to review untimely and/or procedurally defaulted habeas petitions, but only if the petitioner makes a colorable claim of actual innocence. *See Hall v. Warden, USP Marion*, Case No. 7:17CV00156, 2018 WL 312721, at *2 (W.D. Va. Jan. 5, 2018) (citing *Schlup v. Delo*, 513 U.S. 298, 324 (1995), and *McQuiggin v. Perkins*, 569 U.S. 383 (2013)). English does not assert that he is actually innocent. Even to the extent that English's pleadings could be liberally construed as asserting a claim of actual innocence, for an actual innocence petition to be "credible," such a claim "requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. English did not provide "new reliable evidence" in support of his petition. Therefore, the court cannot consider his claims under the fundamental miscarriage justice exception.

## C. Certificate of Appealability

When issuing a final order adverse to a § 2254 petitioner, the court must issue or deny a certificate of appealability. *See* Fed. R. Gov. § 2254 Cases 11(a). A certificate of appealability may issue only if the movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The movant must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). In the context of a procedural ruling, the movant must demonstrate both that the dispositive procedural ruling is debatable and that the action states a

---

[2] English's two other claims are ineffective assistance of counsel claims. (*See* Habeas Pet. 1–8.)

debatable claim of the denial of a constitutional right.  *Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012).

The court declines to issue a certificate of appealability because English has not made a substantial showing of the denial of a constitutional right and reasonable jurists would not find the court's procedural ruling to be debatable or wrong.

### III.  CONCLUSION

For these reasons, the court will deny English's § 2254 petition, grant the respondent's motion to dismiss, and decline to issue a certificate of appealability.  The court will issue an appropriate order.

Entered: July 24, 2020.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

5